[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above named defendant entered a plea of not guilty to a charge of Speeding in violation of section 14-219c of the General Statutes of Connecticut. A trial to the court was held on November 19, 1997. The uncontroverted evidence presented during the trial established that on June 29, 1997 the defendant was operating a motor vehicle on a limited access highway. The State alleges that he was driving at a speed of 83 miles per hour. The defendant testified that he was driving at the posted speed limit.
The speed of the defendant's vehicle was measured by the use of a laser device. The criteria for establishing a prima facie presumption of accuracy of speed monitoring devices, including laser, are set forth in the General Statutes. One of those requirements is that the device "was expertly tested within areasonable time following the arrest, and that such testing wasdone by means which do not rely upon the internal calibration ofCT Page 11414such . . . device." Section 14-219c(5). The operators manual for the laser device used on this occasion, (Defense exhibit #2. pp. 19-21) describes two external tests for verifying the calibration of the device. The evidence presented to the court is clear that neither test was employed in this case. Since the laser device in question was not tested by an external means within a reasonable period of time following the defendant's arrest, the court finds that the State has not established a prima facie presumption of accuracy of the laser device used in this case.
The only other evidence concerning the speed of the defendant's vehicle was the testimony of the arresting Trooper who stated that based upon his experience and training he was able to visually estimate the speed of the defendant's vehicle. The court does not find that estimate to be sufficient to prove the element of speed beyond a reasonable doubt.
After weighing all of the evidence, the court is left with a reasonable doubt and therefore finds the defendant not guilty of the charge of Speeding.
In light of this decision it is unnecessary for the parties to appear before the court on the scheduled date of December 5, 1997.
Dated this 21st day of November 1997.
Terence A. Sullivan Superior Court Judge